IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Clyde L. McBride,<br><br>    Petitioner,<br><br>vs.<br><br>Warden Cartledge,<br><br>    Respondent.<br>_____ | C/A No. 0:14-3830-TLW-PJG<br><br><br>**REPORT AND RECOMMENDATION** |

  Petitioner Clyde L. McBride, a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 20.) Pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), McBride was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 21.) McBride filed a response in opposition to the respondent's motion. (ECF No. 28.) Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion for summary judgment should be granted and McBride's Petition denied.

### BACKGROUND

  McBride was indicted in March 2006 in Richland County for kidnapping, burglary in the first degree, and armed robbery (2006-GS-40-12481, -12480, & -12482). (App. at 548-54, ECF No. 23-2 at 51-56.) McBride was represented by Tivis Colley Sutherland, IV, Esquire, and on April 2, 2007 was tried before a jury and found guilty as charged. The circuit court sentenced McBridge to thirty

years' imprisonment for each charge, all sentences to be served concurrently. (App. at 425, ECF No. 23-1 at 178.)

McBride filed a direct appeal, which was dismissed by the South Carolina Court of Appeals. McBride then filed an application for post-conviction relief ("PCR"). The state circuit court denied McBride's PCR application. McBride petitioned the South Carolina Supreme Court for a writ of certiorari, which was denied. This action followed.

## FEDERAL HABEAS ISSUE

Having exhausted his state remedies, McBride asserts the following issue in the instant petition for a writ of habeas corpus:

> **Ground One:** 6th Amendment Constitution Violation Ineffective assistance of counsel
> **Supporting Facts:** Whether the PCR Court erred in finding that trial counsel rendered effective assistance of counsel where trial counsel's advice to Petitioner that he should not testify in his defense limited the jury's ability to be able to determine whether Petitioner's statement purportedly confessing to the crime was actually made by Petitioner and whether such statement was voluntarily and made under pressure, fear, threats, coercion or intimidation or by any promises of leniency or rewards of any kind?

(Pet., ECF No. 1.)

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary



judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.    Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was



based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (describing an "unreasonable application" as "objectively unreasonable, not merely wrong" and that "even clear error will not suffice") (internal quotation marks and citation omitted); Harrington v. Richter, 562 U.S. 86, 100 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 562 U.S. at 101 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)); see also White, 134 S. Ct. at 1702 (stating that " '[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement' ") (alteration in original) (quoting Harrington, 562 U.S. at 103). Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review. Harrington, 562 U.S. at 101. Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. See id. at 98 (finding that "[t]here



is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. Id. Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. Id. at 102. "If this standard is difficult to meet, that is because it was meant to be." Id. Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. at 102-03 (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

**C.     Summary Judgment Motion**

McBride's sole ground for habeas relief is that trial counsel was ineffective for advising McBride not to testify in his defense. McBride contends that such advice "limited the jury's ability to be able to determine whether Petitioner's statement purportedly confessing to the crime was actually made by Petitioner," and to determine whether such statement was voluntarily made. (ECF No. 1 at 5.)

A defendant has a constitutional right to the effective assistance of counsel. To demonstrate ineffective assistance of counsel, a petitioner must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").



To satisfy the first prong of Strickland, a petitioner must show that trial counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. With regard to the second prong of Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

The United States Supreme Court has cautioned federal habeas courts to "guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d)." Harrington, 562 U.S. at 105. The Court observed that while "'[s]urmounting Strickland's high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." Id. (quoting Padilla v. Kentucky, 559 U.S. 356, 371 (2010)). The Court instructed that the standards created under Strickland and § 2254(d) are both "'highly deferential,' and when the two apply in tandem, review is 'doubly' so." Id. (citations omitted). Thus, when a federal habeas court reviews a state court's determination regarding an ineffective assistance of counsel claim, "[t]he question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id.

The Supreme Court has held that a decision containing a reasoned explanation is not required from the state court. As stated above, if no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. In the case at bar, this court has the benefit of the PCR court's written opinion, certiorari review of which was denied by the South Carolina Supreme Court, which may provide reasons or theories that the appellate court could have relied upon in summarily denying McBride's petition.



Therefore, the court will first consider whether the PCR court's order unreasonably misapplied federal law or was based on an unreasonable determination of the facts. Having reviewed the PCR court's order pursuant to the § 2254 standard, the court finds for the reasons that follow that the state court did not unreasonably misapply the <u>Strickland</u> test in determining that no Sixth Amendment violation occurred.

>  As summarized by the PCR court, McBride testified as follows at the PCR hearing:
>
> The Applicant testified and explained that he had three (3) lawyers and the last one was Mr. Sutherland (trial counsel). The Applicant explained that he met with trial counsel about every Friday and they discussed strategy. . . . The Applicant explained that his statement should not have been admitted because he does not read well and that he asked for an attorney. The Applicant explained that the officer told him the papers he [] signed were for an attorney and he did not read any of the papers because he took the officer at his word that the papers were just that. The Applicant testified that he does not think counsel had enough time to spend on his case, especially because it was so high profile. The Applicant explained that he did not take the stand because he did not want his record to come in before the jury and because counsel told him that he wanted last closing argument. The Applicant explained that he thinks this may have been bad advice because the jury never got to hear his side of the story.

(App. at 540-41, ECF No. 23-2 at 42-43) (footnotes omitted.)

The PCR transcript further reflects that McBride testified that trial counsel challenged the allegedly false statement in pretrial motions and that counsel provided adequate representation of McBride during the pretrial hearings. (App. at 501, ECF No. 23-2 at 3.) McBride testified that he understood, to "a certain degree," that trial counsel's advice not to testify before the jury was a trial strategy decision, and that McBride agreed with trial counsel's recommendation at the time of trial. (App. at 504, ECF No. 23-2 at 6.)

> As summarized by the PCR court, trial counsel testified as follows at the PCR hearing:
>
> Trial counsel testified that he recalled his representation of the Applicant and that he had the case for about forty-five (45) days prior to the trial. Trial counsel explained that he worked diligently to prepare and that they were ready. Trial counsel explained



> that he spent a lot of time with the Applicant. . . . Counsel explained that he did get to all the points he wanted to make at the pre-trial hearing. Trial counsel explained that he did not believe the officer's testimony and that he appeared to be making things up as the pre-trial hearing went along. Counsel explained that his examination of this officer was relentless. Counsel explained that even in hindsight he is not so sure it would be advantageous for the Applicant to take the stand.

(App. at 541-42, ECF No. 23-2 at 43-44.)

The PCR hearing transcript further reflects that trial counsel testified that he effectively cross examined McDaniels, the officer who allegedly prepared the voluntary statement signed by McBride, in front of the jury. (App. at 513, ECF No. 23-2 at 15.) Trial counsel remembered "just going and going and going" at McDaniels during cross examination and getting him to admit that the statement contained "cop talk" that isn't ordinarily used by the general public. (App. at 513-514, ECF No. 23-2 at 15-16.) Trial counsel testified that, although McBride lost at trial, trial counsel felt that the jury did not believe McDaniels's testimony regarding the statement confessing guilt. (App. at 514, ECF No. 23-2 at 16; see also App. at 517, ECF No. 23-2 at 19.) On cross examination, trial counsel conceded that he would have lost his opportunity to make the final closing argument if he had attempted to present certain evidence at trial. (App. at 522, ECF No. 23-2 at 24.)

In denying and dismissing McBride's application, the PCR court found that his testimony was not credible and trial counsel's testimony was credible. (App. at 543, ECF No. 23-2 at 45.) McBride's response in opposition to the respondent's motion does not dispute the PCR court's credibility determination or provide any information to clearly show that the credibility determination in the PCR court's order is without support. See Elmore v. Ozmint, 661 F.3d 783, 850 (4th Cir. 2011) ("We must be 'especially' deferential to the state PCR court's findings on witness credibility, and we will not overturn the court's credibility judgments unless its error is 'stark and

clear.' ") (quoting Sharpe v. Bell, 593 F.3d 372, 378 (4th Cir. 2010) and Cagle v. Branker, 520 F.3d 320, 324 (4th Cir. 2008)).

The PCR court reasonably noted that

> [l]ast argument is 'a substantial right.' State v. Mouzon, 326 S.C. 199, 203-04, 485 S.E.2d 918, 921 (1997) (where a defendant in a criminal prosecution produces no testimony, he is entitled to the final closing argument to the jury); State v. Pinkard, 365 S.C. 541, 543, 617 S.E.2d 397, 398 (Ct. App. 2005) ("The right to open and close the argument to the jury is a substantial right, the denial of which is reversible error"); State v. Rodgers, 269 S.C. 22, 24-25, 235 S.E.2d 808, 809 (1977).

(App. at 543-44, ECF No. 23-2 at 45-46.) The PCR court further reasonably found that trial counsel "zealously advocated for the Applicant" and that McBride "failed to satisfy his burden of proof and demonstrate that counsel's performance was deficient and that he was prejudiced." (App. at 543, ECF No. 23-2 at 45.) The PCR court reasonably held that McBride "failed to prove the first prong of the Strickland test—that counsel failed to render reasonably effective assistance under prevailing professional norms" and "failed to prove the second prong of Strickland—that he was prejudiced by counsel's performance." (Id.) Thus, the PCR court reasonably concluded that McBride failed to establish "any constitutional violations or deprivations that would require [the PCR] court to grant his application. Counsel was not deficient in any manner, nor was Applicant prejudiced by counsel's representation." (App. at 545, ECF No. 23-2 at 47.)

Upon careful review of the record, with specific reference to the PCR court's order, the court finds the PCR court's analysis to be reasonable and concludes that McBride cannot demonstrate that the PCR court unreasonably misapplied clearly established federal law as decided by the Supreme Court in rejecting this claim, which in this case included the Strickland test, or that the PCR court made objectively unreasonable factual findings. See Williams, 529 U.S. at 410; 28 U.S.C. § 2254(d), (e)(1). Therefore, McBride cannot show "there was no reasonable basis" for the state

appellate court to deny relief.  Harrington, 562 U.S. at 98.  As observed by the Harrington court, "[t]he pivotal question is whether the state court's application of the Strickland standard was unreasonable.  This is different from asking whether defense counsel's performance fell below Strickland's standard."  Harrington, 562 U.S. at 101.

In response to the respondent's motion for summary judgment, McBride generally reasserts claims raised in the PCR proceedings, but provides no arguments to refute the respondent's motion for summary judgment on the habeas claim presented.[1]  (Petr.'s Resp. Opp'n at 1-21, ECF No. 28 at 1-21.)  Thus, for all of the reasons discussed by the PCR court, the court concludes that McBride has failed to establish that counsel's actions were error, much less that they were objectively unreasonable such that it rendered his performance deficient.  McBride's arguments fail to demonstrate that any of the PCR court's findings were unreasonable nor has he shown that the PCR court's analysis of these issues misapplied clearly established federal law or, even if there was an error, that it was unreasonable.  See Williams, 529 U.S. at 410; see also Greene v. Fisher, 132 S. Ct. 38, 43 (2011) (observing that AEDPA's standard of "contrary to, or involv[ing] an unreasonable application of, clearly established Federal law is difficult to meet, because [its purpose] is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction") (citation and internal quotation marks

---

[1] "[A] party is generally not permitted to raise a new claim in response to a motion for summary judgment."  White v. Roche Biomedical Laboratories, Inc., 807 F. Supp. 1212, 1216 (D.S.C. 1992); see also Bridgeport Music, Inc. v. WM Music Corp., 508 F.3d 394, 400 (6th Cir. 2007) (holding that a party may not expand its claims to assert new theories in response to summary judgment).  Thus, to the extent McBride is attempting to expand his ground for federal habeas relief by including claims in his response in opposition to the respondent's motion for summary judgment that were not presented in the Petition, such claims are not properly before the court and are not considered.



omitted); <u>Harrington</u>, 562 U.S. at 101. Accordingly, the respondent's motion for summary judgment should be granted.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the respondent's motion for summary judgment (ECF No. 20) be granted and McBride's Petition denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 19, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).